IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC, § § Plaintiff, § § v. § § BROOKSTONE, INC., HONEYWELL, § INC., THERMO FISHER SCIENTIFIC, § INC. d/b/a DAVIS INSTRUMENTS, § COLE-PARMER INSTRUMENT § COMPANY, LACROSSE § TECHNOLOGY, LTD., CHANEY § INSTRUMENT COMPANY, § RAINWISE, INC., COLUMBIA § WEATHER SYSTEMS, INC., § PEET BROS. COMPANY, INC. and § TANDD U.S. LLC, § § Defendants. § | Civil Action No. 2:08-cv-153 JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff Aloft Media, LLC ("Aloft Media") complains against Brookstone, Inc. ("Brookstone"), Honeywell, Inc. ("Honeywell"), Thermo Fisher Scientific Inc. d/b/a Davis Instruments ("Davis"), Cole-Parmer Instrument Company ("Cole"), LaCrosse Technology, Ltd. ("LaCrosse"), Chaney Instrument Company ("Chaney"), Rainwise, Inc., ("Rainwise"), Columbia Weather Systems, Inc. ("Columbia"), Peet Bros. Company, Inc. ("Peet Bros."), and TANDD U.S. LLC ("T&D") (collectively "Defendants") as follows:

## PARTIES

1.      Plaintiff Aloft Media is a Texas limited liability company with its principal place of business at 211 W. Tyler Street, Suite C-1, Longview, Texas 75601.

2.      Upon information and belief, Brookstone is a Delaware corporation, with its principal place of business located at One Innovation Way, Merrimack, New Hampshire 03054. Brookstone may be served with process by serving its registered agent, Thomas P. Manson, Esq., Cook, Little Rosenblatt & Manson, 650 Elm Street, Manchester, NH 03101

3.      Upon information and belief, Honeywell is a Delaware corporation, with its principal place of business located at 101 Columbia Road, Morristown, New Jersey 07960.  Honeywell may be served with process by serving its registered agent, Corporation Trust Company located at 820 Bear Tavern Road, West Trenton, New Jersey 08628.

4.      Upon information and belief, Thermo Fisher Scientific Inc. d/b/a Davis Instruments is a Delaware corporation, with its principal place of business located at 81 Wyman Street, Waltham, MA 02254.  Thermo may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

5.      Upon information and belief, Cole is an Illinois corporation, with its principal place of business located at 625 E. Bunker Court, Vernon Hills, IL 60061.  Cole may be served with process by serving its registered agent, CT Corporation System, 208 SO LaSalle St., Suite 814, Chicago, IL 60604.

6.      Upon information and belief, LaCrosse is a Minnesota corporation, with its principal place of business located at 2809 Losey Blvd. S., LaCrosse, WI 54601.  LaCrosse may be served

Case 2:08-cv-00153-DF-CE    Document 1    Filed 04/08/08    Page 3 of 10

with process by serving its registered agent, Robert A. Conway, located at 1701 Miller Street, LaCrosse, Wisconsin 54601.

7. Upon information and belief, Chaney is a Wisconsin corporation, with its principal place of business located at 965 Wells Street, Lake Geneva, WI 53147. Chaney may be served with process by serving its president, Jon Bilicki, located at 965 Wells Street, Lake Geneva, WI 53147.

8. Upon information and belief, Rainwise is a Pennsylvania corporation, with its principal place of business located at 25 Federal Street, Bar Harbor, Maine 04609. Rainwise may be served with process by serving its registered agent, Anthony J. Giunta, located at Post Office Box 735, Ellsworth, Maine 04605.

9. Upon information and belief, Columbia is an Oregon corporation, with its principal place of business located at 2240 N.E. Griffin Oaks Street, Suite 100, Hillsboro, OR 97124. Columbia may be served with process by serving its registered agent, Tom Hinds, located at 2240 N.E. Griffin Oaks Street, Suite 100, Hillsboro, Oregon 97124.

10. Upon information and belief, Peet Bros. is a Florida corporation, with its principal place of business located at 31 E 17th Street, St. Cloud, Florida 34769. Peet Bros. may be served with process by serving its registered agent, David R. Miller, located at 31 E 17th Street, St. Cloud, Florida 34769.

11. Upon information and belief, T&D is a New York corporation, with its principal place of business located at 34 Regatta View Drive, Saratoga Springs, New York 12866. T&D may be served with process by serving its registered agent for service, Stephen B. Knuth, Managing Member, at 34 Regatta View Drive, Saratoga Springs, New York, 12866.

**JURISDICTION AND VENUE**

12. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district and has committed and/or induced or contributed to acts of patent infringement in this district.

14. Venue is proper in this district. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**PATENT INFRINGEMENT**

15. Aloft Media is the owner by assignment of United States Patent No. 6,300,871 ("the '871 patent") entitled "Multi-station RF Thermometer and Alarm System." The '871 patent issued on October 9, 2001. A true and correct copy of '871 patent is attached as Exhibit A.

16. On information and belief, Brookstone has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Brookstone's infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the Brookstone

Weathersmart weather station. Brookstone is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

17. On information and belief, Honeywell has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Honeywell's infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the Honeywell TE657W product. Honeywell is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

18. On information and belief, Davis has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Davis' infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the Davis Instruments Vantage Pro2 product. Davis is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

19. On information and belief, Cole has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Cole infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the Vantage Pro2 product. Cole is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

20. On information and belief, LaCrosse has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States. LaCrosse's infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the LaCrosse WS9118-U product. LaCrosse is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

21. On information and belief, Chaney has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Chaney's infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the Chaney Instrument 00992 product. Chaney is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

22. On information and belief, Rainwise has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Rainwise's infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the Rainwise MK-III product. Rainwise is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

23. On information and belief, Columbia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States.

Columbia's infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the Columbia Weather Pegasus weather station with Display Console product. Columbia is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

24. On information and belief, Peet Bros. has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Peet Bros' infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the Peet Bros. Weather Picture product. Peet Bros is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

25. On information and belief, T&D has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '871 patent in the State of Texas, in this judicial district, and elsewhere in the United States. T&D infringements include, among other things, making, using, offering for sale, and/or selling multi-station weather monitoring products, including without limitation the T&D Data Collector and Data Logger System product. T&D is thus liable for infringement of the '871 patent pursuant to 35 U.S.C. § 271.

26. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such requirements have been complied with.

27. As a result of the Defendants' infringement of the '871 patent, Aloft Media has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty, and will continue to suffer

such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

28. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '871 patent , Aloft Media will be greatly and irreparably harmed.

29. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Aloft Media is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Aloft Media, LLC requests that this Court enter:

1. A judgment in favor of Aloft Media, LLC that Defendants have infringed directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the '871 patent;

2. A permanent injunction, enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from such infringement of the '871 patent;

3. A judgment and order requiring Defendants to pay Aloft Media, LLC its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '871 patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Aloft Media its reasonable attorneys' fees; and

5. Any and all other relief for which the Court may deem Aloft Media, LLC entitled.

## **DEMAND FOR JURY TRIAL**

Aloft Media, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

_/s/ Eric M. Albritton_
Eric M. Albritton
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas State Bar No. 21518050
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com

Scott Stevens
State Bar No. 00792024
STEVENS LAW FIRM
P.O. Box 807
Longview, Texas 75606
Tel: 903-753-6760
Fax: 903-753-6761
scott@seslawfirm.com

ATTORNEYS FOR PLAINTIFF