IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALOFT MEDIA, LLC | § | |
| | § | |
| | § | |
| VS. | § | Civil Action No. 2:08cv153 DF-CE |
| | § | |
| BROOKSTONE, INC., *et* al. | § | |

**NOTICE OF SCHEDULING CONFERENCE,**
**PROPOSED DEADLINES FOR DOCKET CONTROL ORDER, AND**
**DISCOVERY ORDER**

The Court, *sua sponte*, issues this  Notice of Scheduling Conference and Proposed Deadlines

for Docket Control Order Containing Discovery Order.

**Notice of Scheduling Conference**

Pursuant to FED. R. CIV. P. 16 and Local Rule CV-16, the Scheduling Conference in this case

is set for **February 17, 2009, at 1:45 p.m.**[1]   The parties  are  directed  to  meet  and  confer  in

accordance with Fed. R. Civ. P. 26(f) no later than **February 6, 2009.**

**Pre-Scheduling Conference Meeting**

When the parties confer with each other pursuant to Rule 26(f), in addition to the matters

covered by Rule 26(f), the parties shall attempt in good faith to agree on certain matters, including

deadlines for a proposed Docket Control Order (see Example Docket Control Order Attached), and

shall file with the Court a joint written report outlining their proposals at least 48 hours prior to the

Rule 16 Scheduling Conference.

The parties must include the following matters in the joint conference report and be prepared

---

[1] The hearing will be conducted at 100 E. Houston Street, Marshall, Texas 75670 in the
Magistrate Judge's Courtroom.

to discuss such matters at the Scheduling Conference:

(1)     A factual and legal description of the case which also sets forth the elements of each cause of action and each defense;

(2)     The date the Rule 26(f) conference was held, the names of the those persons who were in attendance, and the parties they represent;

(3)     A list of any cases that are related to this case and that are pending in any state or federal court with the respective case number and court;

(4)     The expect length of trial;

(5)     Whether the parties jointly agree to trial before a magistrate judge;

(6)     Whether a jury demand has been made;

(7)     Proposed modification of the deadlines in the Proposed Docket Control Order set forth in the attached Appendix A;

(8)     The need for and modification of the proposed specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses, which are included herein;

(9)     The entry of a Protective Order;

(10)    The appointment of a Technical Advisor or Special Master;

(11)    The number of claims being asserted;

(12)    The possibility of early mediation; and

(13)    Local Rules pertaining to attorney misconduct.

## Proposed Deadlines for Docket Control Order

The proposed deadlines for the Docket Control Order as well as the disclosure rules and discovery in patent case, set forth in the attached Appendix A, shall be discussed at the Scheduling Conference.  The Court will not modify the trial date except for good cause shown.

## General Discovery Order

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under FED. R. CIV. P.  16, it is ordered as follows:

1.  **Protective Orders:**  Upon the request of any party, the Court shall enter a Protective Order, which is agreed to by all parties.  If the parties are unable to come to agreement, they shall submit competing motions detailing specific areas of both agreement and disagreement as well as a proposed order.  Any party may oppose the issuance of or move to modify the terms of the Protective Order for good cause.

2.  **Discovery Limitations:** At the Scheduling Conference, the Court shall also discuss limiting discovery in this action to the disclosures provided for in the Proposed Docket Control Order together with 30 interrogatories per side, 100 requests for admissions per side, 100 hours for depositions of fact witnesses per side (The deposition of each witness shall be limited to a maximum of seven (7) hours, which may be increased by no more than one (1) hour upon agreement of the parties.  However, each 30(b)(6) witness may be deposed for a maximum of ten (10) hours), the deposition of all expert witnesses shall be limited to a maximum of ten (10) hours per a witness.  "Side" means a party or a group of parties with a common interest.  Any party may move to modify these limitations for good cause.  All deposition to be read into evidence or shown in court as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence or shown in open court.  Parties **SHALL** limit total deposition time to no more than one hour per deposition to be read or shown in court.

3.  **Privileged Information:**  There is no duty to disclose privileged documents or information.  Once the parties have exchanged privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If the parties have no disputes concerning the privileged documents or information, then the parties shall inform the Court of that fact.

4.   **Duty to Supplement:**  After disclosure is made pursuant to the Court's Docket Control

Order, each party is under a duty to supplement or correct its disclosures immediately if the

party obtains information on the basis of which it knows the information disclosed was either

incomplete or incorrect when made, or is no longer complete or true.

5.   **Disputes:**  Counsel are directed to contact the chambers of the undersigned for any "hotline"

disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the

undersigned is not available, the parties shall proceed in accordance with Local Rule CV-

26(f).

### Other General Rules

1.   **No Excuses:**  A party is <u>not</u> excused from the requirements of this Discovery Order or the

Court's Docket Control Order because it has not fully completed its investigation of the case,

or because it challenges the sufficiency of another party's disclosures, or because another

party has not made its disclosures.  Absent Court order to the contrary, a party is <u>not</u> excused

from disclosure because there are pending motions to dismiss, to remand, or to change venue.

2.   **Local Rule CV-7(d):**  The parties are directed to Local Rule CV-7(d) which provides, in

part, that "[i]n the event a party fails to oppose a motion in the manner prescribed herein, the

court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party

opposing a motion has **15 days** in which to serve and file supporting documents and briefs,

**after which the Court will consider the submitted motion for decision.**

3.   The Court will refuse to entertain any discovery motion filed after the date of this Order

unless the movant advises the Court within the body of the motion that counsel for the parties

have first met and conferred **in person, with local counsel present,** in a good faith effort to

resolve the matter.  This provision applies only to discovery matters and requires only that

counsel from those parties that are in disagreement to meet in person.  Lastly, this meet and

confer provisions only requires the presence of such counsel having authority to resolve the

matter in dispute. The following excuse will not warrant a continuance nor justify a failure

to comply with the discovery deadline: The fact that one or more of the attorneys is set for

trial in another court on the same day, unless the other setting was made prior to the date of

this order or was made as a special provision for the parties in the other case.

4.     The parties shall make a good faith effort to adhere to page limits provide by the Local Rules

and shall not exceed such page limits without first receiving leave of court upon a showing

of good cause.  Any effort to avoid these page limits, *e.g.*, submitting each issue raised on

summary judgment in a separate motion, shall be closely scrutinized.

**IT IS SO ORDERED.**

SIGNED this 26th day of January, 2009.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

## APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALOFT MEDIA, LLC | § | |
| | § | |
| | § | |
| VS. | § | Civil Action No. 2:08cv153 DF-CE |
| | § | |
| BROOKSTONE, INC., *et al.* | § | |

## EXAMPLE DOCKET CONTROL ORDER

| STEP | ACTION | RULE | DATE DUE |
|------|--------|------|----------|
| 1 | Initial Case Management Conference | P. R. 2-1 FRCP 26(f) | |
| 2 | Patentee serves Disclosure of Asserted Claims and Preliminary Infringement Contentions of a reasonable number of representative claims | P.R. 3-1 | No later than 10 days before the initial management conference. |
| 3 | Patentee makes Document Production Accompanying Disclosure | P..R. 3-2 | Same as 2 |
| 4 | Initial Disclosures | FRCP 26(a)(1) | At or within 14 days of initial management conference |
| 5 | Accused Infringer serves Preliminary Invalidity Contentions | P..R. 3-3 | Not later than 45 days after Patentee serves preliminary infringement contentions |

| STEP | ACTION | RULE | DATE DUE |
|------|--------|------|----------|
| 6 | Accused Infringer makes Document Production Accompanying Preliminary Invalidity Contentions | P.R. 3-4 | Same as 5 |
| 7 | All parties make Exchange of Proposed Terms and Claim Elements for Construction | P.R. 4-1(a) | Not later than 10 days after Accused infringer serves preliminary invalidity contentions |
| 8 | Patentee shall limit the number of asserted claims to no more than ten (10) and notify the accused infringer and Court | | After 7 but before 9 |
| 9 | All parties meet and confer to discuss list of Proposed Terms and Claim Elements for Construction | P. R. 4-1(b) | After 8 but before 11 |
| 10 | Deadline for early mediation at the Parties' request | | |
| 11 | All parties make Exchange of Preliminary Claim Constructions and Extrinsic Evidence | P. R. 4-2 | Not later than 20 days after 7 |
| 12 | All parties meet and confer to discuss Preliminary Claim Constructions and Extrinsic Evidence | P. R. 4-2(c) | After 11 but before 13 |
| 13 | All parties jointly file Joint Claim Construction and Prehearing Statement | P. R. 4-3 | Not later than 60 days after 5 |

| STEP | ACTION | RULE | DATE DUE |
|---|---|---|---|
| 14 | Deadline to join other parties without leave of Court, which shall be at least 60 days before the deadline for filing dispositive motions | | Same as 13 |
| 15 | Deadline to file amended pleadings without leave of Court, which shall be at least 30 days before the deadline for dispositive motions | | |
| 16 | Completion of Claim Construction Discovery | P. R. 4-4 | Not later than 30 days after 13 |
| 17 | Patentee files opening claim construction brief | P R. 4-5(a) | Not later than 45 days after 13 |
| 18 | Accused Infringer files responsive claim construction brief | P. R. 4-5(b) | Not later than 14 days after 17 |
| 19 | Patentee files reply brief on claim construction | P. R. 4-5(c) | Not later than 7 days after 18 |
| 20 | ONLY WITH LEAVE OF COURT Accused infringer files sur-reply brief on claim construction | | Not later than 7 days after 19 |
| 21 | Parties file Join Claim Construction Chart | P. R. 4-5(d) | At least 10 days before Claim Construction Hearing |
| 22 | Pre-hearing Conference and technical tutorial if necessary | | The day before the Claim Construction Hearing or in combination with the Claim Construction hearing |

| STEP | ACTION | RULE | DATE DUE |
|------|--------|------|----------|
| 23 | Claim Construction Hearing | P. R. 4-6 | **May 6, 2010, 9:00 a.m.** |
| 24 | Court's Claim Construction Ruling | | On or about (3 weeks after 23) subject to the Court's scheduling and/or use of a technical advisor |
| 25 | Patentee makes Final Infringement Contentions | P. R. 3-6(a) | On or about 30 days after claim construction ruling |
| 26 | Accused Infringer serves Preliminary Unenforceability Contentions | | On or about 40 days after claim construction ruling |
| 27 | Accused Infringer makes Document Production Accompanying Preliminary Unenforceability Contentions | | On or about 40 days after claim construction ruling |
| 28 | Accused Infringer makes Final Invalidity Contentions | P.R. 3-6(b) | On or about 50 days after claim construction ruling |
| 29 | Accused Infringer makes disclosure relating to willfulness | P.R. 3-8 | On or about 50 days after claim construction ruling |
| 30 | Accused Infringer makes Final Unenforceability Contentions | | On or about 60 days after claim construction ruling |
| 31 | Deadline for completion of all fact discovery, which shall be at least 90 days before the final pre-trial conference | | On or about 80 days after claim construction ruling |

| STEP | ACTION | RULE | DATE DUE |
|---|---|---|---|
| 32 | Deadline for disclosure of expert testimony on issues for which a party bears the burden of proof | FRCP 26(a)(2) L.R. CV-26(b) | On or about 90 days after claim construction ruling |
| 33 | Deadline for disclosure of rebuttal expert testimony | FRCP 26(a)(2) L.R. CV-26(b) | On or about 110 days after claim construction ruling |
| 34 | Deadline for late mediation at the Parties' request | | |
| 35 | Deadline for completion of expert discovery | | 30 days after rebuttal expert testimony |
| 36 | Deadline for objections to other parties' expert witnesses | | After 35 |
| 37 | Deadline for filing dispositive motions, including motions on invalidity and unenforceability, which shall be at least 75 days before the initial pretrial conference | | At least 75 days before initial pretrial conference |
| 38 | Deadline for filing all *Daubert* motions | | Same as 37 |
| 39 | Deadline for parties to make pretrial disclosures | FRCP 26(a)(3) | At least 30 days before initial pretrial conference |
| 40 | Patentee to provide to other parties its information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | At least 30 days before initial pretrial conference |

| STEP | ACTION | RULE | DATE DUE |
|---|---|---|---|
| 41 | Defendant and Third-parties to Provide to Patentee their information for Joint Final Pretrial Order, Proposed Jury Instruction and Verdict Form | | At least 30 days before initial pretrial conference |
| 42 | Parties to file Proposed Joint Final Pretrial Order, Proposed Jury Instructions, Joint Verdict Forms and Motions in Limine. Prior to initial pretrial conference, parties shall confer with each other regarding the other party's Motion in Limine, deposition designations, and exhibit and shall submit to the Court in writing any objections they may have to the other party's Motions in Limine, deposition designations, and exhibits. | | At least 2 weeks before initial pretrial conference |
| 43 | Initial Pretrial Conference and hearing on Motions in Limine if required and hearing on objections to deposition designations and exhibits | | **Court will set at a later date.** |
| 44 | Final Pretrial Conference before Judge David Folsom | | |
| 45 | Jury Selection before Judge David Folsom | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION


**FINAL PRETRIAL CONFERENCE DATES\***

**<u>APPENDIX B</u>**

FINAL PRETRIAL CONFERENCE DATES\*
FOR JUDGE DAVID FOLSOM

October 4, 2010
March 7, 2011
October 3, 2011